### THOMAS EVANS, p. b. appellant *vs.* LEMUEL B. HUDSON, d. b. respondent.

On non est factum pleaded, the defendant cannot show that the bond signed was re-presented to be of a different amount.
He should plead *per fraudem.*

THIS was an appeal from the judgment of a justice of the peace, in an action on a judgment note for $55 83. Judgment entered by warrant to justice. Plea, non est factum. There were two witnesses to the note, *who signed by mark.*

On the trial evidence was offered that the note, attested by the

witness, was a note for $45, on which plaintiff objected, that nothing was in issue, under the plea of non est factum, but the *execution* of the note; and that supposing it to be a note for $45 instead of $55, this could not be set up as a defence, unless the fraud was pleaded.

*Mr. Houston* contended, that if the note was executed under a false representation as to its amount, it would show that it was not the note the maker intended to sign, and it was not his deed. The evidence offered was also proof that this was not the note which he executed.

*By the Court.*—The plea puts in issue merely the execution of the note. Under it the plaintiff has to prove the execution of the identical paper. The attestation of the subscribing witness is prima facie evidence, upon which the paper may be read, but the jury will decide whether it is proved. If a note under seal or bond is proved, no parol evidence can be received to change, alter or contradict it; or to show that it was for a less sum than that specified on its face. If given on a settlement between parties, it extinguishes their accounts; they merge in the higher security; and the parties cannot afterwards abandon the note or bond, and to go into proof of the antecedent matters which constitute its consideration.

Verdict for plaintiff.

*Cullen,* for plaintiff.
*Houston,* for defendant.